come so at the option of the holder; and this bill shows no election of the orator to have these bonds become due.

As the case stands, the orator has this debt, equal to the amount of the coupons, secured upon this income large enough to meet it in the hands of the Union Pacific, which he can reach only in equity, and which this bill is appropriate to reach. Unless this is changed by the answer he seems entitled to the relief asked.

The demurrer is overruled; the defendants to answer over by the September rule-day.

---

### MILNE v. DOUGLASS.[1]

*(Circuit Court E. D. Missouri. July 3, 1883.)*

1. PLEADING—DEFECT IN ALLEGATION SUPPLIED BY EVIDENCE—PARTNERSHIP.
   Where, after the dissolution of a firm, one of the partners brought suit in his own name for damages suffered by the firm from a breach of a contract made with it, and the allegations of his petition as to his right to sue in his own name were vague, but it was proved at the trial of the case that the firm had been dissolved by an agreement between the partners, and that the plaintiff, as continuing partner, succeeded by the terms of the agreement to all the rights of the firm, *held*, that the evidence supplied the defect in the petition.

2. COMMON CARRIER—UNNECESSARY DELAY—DAMAGES.
   Where there is unnecessary delay on the part of a common carrier in the delivery of goods which he has undertaken to transport, and the market price of such goods at the place of delivery is lower at the time of delivery than at the time when the delivery should have taken place, the carrier is liable in damages for the difference between the value of the goods at the former and their value at the latter date, at market prices.

This is a suit by John Milne against John M. Douglas, receiver of the Ohio & Mississippi Railway Company, the New York, Pennsylvania & Ohio Railway Company, the New York, Lake Erie & Western Railway Company, and the Red Cross Line of steam-ships.

The plaintiff states in his petition "that he is the successor in business to the copartnership formerly existing and doing business as produce commission merchants at Dundee, Scotland, where he resides, under the firm name of Milne & Berry; that he receives payment of accounts due to, and discharges the obligations of, the said firm; that he carries on the business for his own account at old premises," etc. It appeared from the evidence that the firm of Milne & Berry had been dissolved by an agreement of the partners prior to the institution of this suit, and that by the terms of the agreement Mr. Milne succeeded to all the firm's rights and assumed all their obligations.

*George M. Stewart* and *Paul Bakewell,* for plaintiff.

*Garland & Pollard,* for defendant.

[1] Reported by B. F. Rex, Esq., of the St. Louis bar.

TREAT, J.   The views of the court heretofore expressed[1] control as to the law.   The action is for damages sustained in consequence of unnecessary delay by a common carrier in the delivery of goods.   The court has been largely aided by counsel, through tabulation of many dates pertaining to the injury, but has still been left to ascertain values at Dundee, Scotland, at two dates, as best it could, through a mass of papers which are vague and uncertain.   The first point presented is as to the right of the plaintiff to recover in his own name. The allegation is indistinct; but the defect, if any, may be considered as supplied by the proofs, viz., the right of the surviving partner to sue.   An analysis as to the various shipments, and as to the times when the property shipped should respectively have reached Dundee under the circumstances, and also as to the prices at the time when the flour should have arrived and when it did actually arrive, shows that there were only six car-loads which arrived at Dundee on February 18th, instead of February 4th.   From February 4th to February 18th there was no change in prices.   There were two car-loads which should have arrived on February 4th, but did not arrive until March 26th or March 30th.   There was a fall in the prices between those dates of one shilling per sack, making a loss of £20, which, at United States rates, amount to $97.32, for which judgment will be entered.